**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
BCI INTERNATIONAL HOLDINGS, INC.,

                  Plaintiff,

   -against-

EDWARDS ANGELL PALMER & DODGE LLP
and D. ROGER GLENN,

                  Defendants.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 2, 2007

**ORDER**

Case No. 1-07-cv-03892 (RMB)

      WHEREAS, in a letter to the Court, dated June 29, 2007, plaintiff BCI International Holdings, Inc. ("Plaintiff"), sought an order of voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for lack of subject matter jurisdiction, and upon the letter of defendants Edwards Angell Palmer & Dodge LLP and D. Roger Glenn ("Defendants"), dated June 29, 2007, opposing such dismissal, the oral argument held on July 2, 2007, and the record and prior proceedings herein; and

      WHEREAS, the parties acknowledge that subject matter jurisdiction is lacking because of lack of diversity under 28 U.S.C. § 1332(a);

      The Court finds that Plaintiff has satisfied the factors favoring a voluntary dismissal under Fed. R. Civ. P. 41(a)(2) because, among other reasons: (1) Plaintiff diligently brought this application; (2) Plaintiff's actions have not been "unduly vexatious"; (3) the litigation is at a very early stage; (4) relitigation will not involve duplicative expenses; and (5) Plaintiff has established adequate grounds for the need to dismiss. See Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990) (describing Rule 41(a)(2) factors). Defendants show absolutely no prejudice if Plaintiff's application is granted. See Transcript of Conference, dated July 2, 2007; Zimpro Inc. v. U.S. Environmental Protection Agency, 83 F.R.D. 302 (S.D.N.Y. 1979) ("[T]he mere prospect

of having to defend against a second lawsuit is not the type of prejudice that would warrant a denial of a Rule 41(a)(2) motion.").

### Order

It is hereby ORDERED that this action is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 41(a)(2), with each party bearing its own costs and attorneys' fees, and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      July 2, 2007

*RMB*
**RICHARD M. BERMAN, U.S.D.J.**